UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN ULLRICH,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF IDAHO and DOES 1-20; CORRECTIONS CORPORATION OF AMERICA and DOES 1-30; CORIZON HEALTH SERVICES and DOES 1-3; IDAHO STATE ATTORNEY GENERAL; IDAHO BOARD OF CORRECTION; IDAHO DEPARTMENT OF CORRECTION; PARALEGAL STEWART; PARALEGAL RICE; SUPERVISOR KIRKMAN; DEPUTY ATTORNEY GENERAL McNEESE; DEPUTY ATTORNEY GENERAL ALTIG; DEPUTY ATTORNEY GENERAL PANTHER; DEPUTY ATTORNEY GENERAL KUBINSKI; DEPUTY ATTORNEY GENERAL LOOMIS; WARDEN; and GRIEVANCE DIRECTOR,<br><br>    Defendants. | Case No. 1:15-cv-00119-EJL<br><br>**INITIAL REVIEW ORDER** |

  The Clerk of Court conditionally filed Plaintiff Stephen Ullrich's Complaint as a result of his status as an inmate and his in forma pauperis request. The Court now reviews

**INITIAL REVIEW ORDER - 1**

the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order requiring Plaintiff to file an amended complaint if he intends to proceed.

## REVIEW OF COMPLAINT

1. **Standard of Law for Summary Dismissal**

The Court is required to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are

"merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Institution. Plaintiff asserts claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act, as well as unidentified state law claims.

Plaintiff has not alleged sufficient facts to proceed with his Complaint. Indeed, Plaintiff's Complaint is filled with generalized statements such as the following:

- "The Defendants have denied any and all meaningful access to redress of grievance. Administrative, Penal Grievance, Access to Court, Ability to Litigate, (etc.)." (Compl., Dkt. 3, at 2.)

- "[Defendants] did engage in Malfeasance, by usurping the Official Duties and obligation of the Client, Idaho Board of Corrections, Idaho Department of Corrections, (etc.), by removal of the penal, Law Library, and Legal Assistance Program." (*Id*. at 5.)

- "[Defendant] has Refused in Malfeasance, to comply with the Americans with Disabilities Act . . . and have advised or allowed clients to not comply to Official Capacity – Administrative Law." (*Id.* at 6.)

Such vague statements are insufficient to state a plausible claim for relief. The Court will grant Plaintiff 30 days to amend his Complaint. Any amended complaint must comply with the following standards.

**INITIAL REVIEW ORDER - 3**

3.  **Standards of Law That May Be Applicable to Plaintiff's Claims**

    A.  *Access to Courts Claims under Section 1983*

    Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

    Prison officials are generally not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). This causal connection "can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks, citation, and alterations omitted).

    Plaintiff asserts that Defendants have violated his right to court access. Prison inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). *Bounds* "guarantees no particular methodology but rather the conferral of a

capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). To demonstrate a viable access to courts claim, Plaintiff must show that he suffered an actual injury as a result of the alleged denial of access. *Id.* at 350-51. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. The prisoner must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.

Actual injury may be manifest if the alleged denial of access "hindered [Plaintiff's] efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [Defendants' actions] that he was unable even to file a complaint." *Id.* at 351. The right of access to the courts is limited and applies only to direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions.[1] *Id*. at 354. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355.

---

[1] Because "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure," there is no freestanding right to file prison grievances. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). However, a prison official's obstruction of an inmate's attempt to use the grievance process can be used a defense to a motion to dismiss based on non-exhaustion of administrative remedies. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc).

**INITIAL REVIEW ORDER - 5**

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (a forward-looking access claim) or from the loss of a suit that now cannot be tried (a backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). A prisoner asserting an access to courts claim must allege specific facts supporting three elements: (1) official acts that frustrated the inmate's litigation activities; (2) loss of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued";[2] and (3) specific allegations showing that the remedy sought in the access to courts claim is not otherwise available in another suit that could be brought.[3] *Id.* at 415-17.

A prisoner asserting an access to courts claim must also allege facts showing that the alleged violation of his rights was proximately caused by a state actor. *Phillips v.*

---

[2] *See, e.g., Barnett v. Hodges*, 2014 WL 812040, at *4 (S.D. Ill. March 3, 2014) ("[A]lthough Defendants' failure to pay Plaintiff's appellate fee may have precipitated the dismissal of his appeal, the frivolity of that appeal defeats Plaintiff's access to courts claim.").

In *Christopher*, the Supreme Court made clear that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." 536 U.S. at 416. In addition, the Court warned:

> [T]he right of a defendant in a backward-looking access suit to obtain early dismissal of a hopelessly incomplete claim for relief coincides . . . with the obligation of the Judicial Branch to avoid deciding constitutional issues needlessly. For the sake of each, the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it.

*Id*. at 417-18.

[3] An access to courts complaint must also "identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher*, 536 U.S. at 415. The Supreme Court explained: "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id*.

**INITIAL REVIEW ORDER - 6**

*Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007), *vacated on other grounds*, *Hust v. Phillips*, 550 U.S. 1150 (2009); *see also Crumpton*, 947 F.2d at 1420. The proximate cause analysis focuses on whether it was foreseeable that the state actor's conduct would result in a deprivation of the prisoner's right of access to the courts. *Phillips*, 477 F.3d at 1077 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000)).

### B. *Americans with Disabilities Act*

Plaintiff also purports to assert claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. Title II of the ADA applies to an "individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). Title II of the ADA extends to prison inmates who are deprived of the benefits of participation in prison programs, services, or activities because of a disability. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 211 (1998).

In order to proceed with an ADA claim, a plaintiff must show (1) that he has a disability; (2) that he is otherwise qualified to participate in or receive a public entity's services, programs or activities; (3) that he was denied the benefits of the services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

**INITIAL REVIEW ORDER - 7**

The ADA requires a governmental entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). "The ADA does not require perfect parity among programs offered by various facilities that are operated by the same umbrella institution. But an inmate cannot be categorically excluded from a beneficial prison program based on his or her disability alone." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1221 (9th Cir. 2008).

By statutory definition, a Title II ADA claim must be brought against the state or the state entity. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) (holding that Title II of the ADA validly abrogates Eleventh Amendment immunity for states for conduct that actually violates the Fourteenth Amendment); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."); *compare Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (per curiam) (holding that Title II's statutory language does not prohibit a plaintiff from requesting injunctive action against state officials in their official capacities). Claims against individuals asserted under the ADA are treated as official capacity claims because no individual capacity claims under the statute exist. *See, e.g., Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001).

### C. State Law Claims

Plaintiff states that he is asserting claims under state law (Compl. at 1), although he does not identify any particular state law claim. Because it is uncertain whether Plaintiff ultimately will be allowed to proceed on his § 1983 claims, the Court has determined not to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff proceeds on an amended complaint, he must identify the types of state law claims he is asserting, and the Court will reconsider its jurisdiction over any such claims.

Plaintiff should also be aware that he may not maintain a tort claim against any of the governmental employee Defendants unless he has complied with the Idaho Tort Claims Act (ITCA), Idaho Code §§ 6-901 through 6-929. The ITCA provides:

> All claims against a political . . . [subdivision] arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

*Id.* § 6-906. A "claim" under the ITCA is "any written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity or its employee." *Id.* § 6-902(7). "No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." *Id.* § 6-908.

INITIAL REVIEW ORDER - 9

4. **Standards for Amended Complaint**

If Plaintiff chooses to amend his § 1983 complaint, he must demonstrate how the actions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient . . . ." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)). Rather, the complaint must allege in specific terms the following: (1) the particular governmental policy or custom which caused the deprivation of his constitutional rights or the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each defendant allegedly took place; and (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended"); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."),

*overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff shall set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 30 days, or if his amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Petition for Writ (Dkt. 6), construed as a motion to review the Complaint, is GRANTED IN PART. The Court has reviewed the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and concludes that it fails to state a claim upon which relief may be granted.

2. Plaintiff shall have 30 days within which to file an amended complaint as

described above. If Plaintiff does so, he must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 30 days, his case may be dismissed without further notice.

3. Plaintiff's Request for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice.

DATED: April 30, 2015

Edward J. Lodge
United States District Judge